UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SWARN KAUR and BHUPINDER SINGH,

                Plaintiffs,

v.

DANA J. BOENTE,[1] *Attorney General of the United States*; UNITED STATES DEPARTMENT OF JUSTICE; DEPARTMENT OF STATE, BUREAU OF CONSULAR AFFAIRS; and CONSULAR GENERAL U.S. EMBASSY, NEW DELHI, INDIA,

                Defendants.
_____

Case # 16-CV-6252-FPG

DECISION & ORDER

## INTRODUCTION

Plaintiffs Swarn Kaur and Bhupinder Singh allege that the U.S. Embassy in New Delhi, India improperly denied Mr. Singh's visa application and changed his family-based preference category from F-1 (unmarried son or daughter of a U.S. citizen) to F-3 (married son or daughter of a U.S. citizen) without sufficient evidence of his marital status. Through this action, Plaintiffs seek a judicial declaration to that effect and a writ of mandamus compelling the Defendants to adjudicate Mr. Singh's visa application in light of certain evidence that he is, in fact, unmarried. ECF No. 1.

Defendants, on the other hand, argue that this Court lacks subject matter jurisdiction over Plaintiffs' claims and have moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF No. 6. For the reasons stated below, Defendants' motion is granted.

---

[1]     Dana J. Boente is substituted for Loretta E. Lynch pursuant to Fed. R. Civ. P. 25(d).

**DISCUSSION**

### I. Legal Standard

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). When a party moves to dismiss pursuant to Rule 12(b)(1), it is the court's duty to resolve disputed jurisdictional facts. *Cargill Int'l S.A. v. M/T Pavel Dyenko*, 991 F.2d 1012, 1019 (2d Cir. 1993). A court may fulfill its duty by reference to evidence outside the pleadings. *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Furthermore, in resolving a challenge to subject matter jurisdiction, a court does not draw inferences in favor of the plaintiff. *Newsom-Lang v. Warren Int'l*, 129 F. Supp. 2d 662, 663 (S.D.N.Y. 2001). Rather, the party asserting jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### II. Background

Swarn Kaur is a U.S. citizen who lives in Rochester, New York. Bhupinder Singh, her son, is a non-U.S. citizen who lives in India.

Ms. Kaur filed a Petition for Alien Relative on behalf of Mr. Singh. On July 11, 2008, the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS") approved that petition and placed Mr. Singh in the family-based preference category F-3 (married son or daughter of a U.S. citizen). On November 24, 2010, upon notice of Mr. Singh's divorce from his wife, the Department of State's National Visa Center ("NVC") changed Mr. Singh's preference category to F-1 (unmarried son or daughter of a U.S. citizen). The case was subsequently transmitted to the U.S. Embassy in New Delhi, India ("New Delhi Embassy").

On February 12, 2016, Mr. Singh appeared for an interview with a consular officer at the New Delhi Embassy.  Plaintiffs allege that during the interview, the consular officer said that he had information that Mr. Singh was married and therefore ineligible for an immigrant visa in the F-1 category.  However, the consular officer did not provide any evidence on the record or explain how he came to that conclusion.  Plaintiffs allege that the consular officer refused Mr. Singh's request for legal counsel and then coerced Mr. Singh into providing a written statement admitting that he was married.  Plaintiffs assert that the consular officer "acted in violation of Due Process guaranteed by [the] U.S. Constitution."  On March 14, 2016, Mr. Singh's petition was returned to the NVC with his preference category changed to F-3.  Plaintiffs attempted to submit evidence that Mr. Singh is unmarried to no avail.

On May 10, 2016, a consular officer at the New Delhi Embassy issued Mr. Singh a refusal letter stating that his visa application had been refused under 8 U.S.C. § 1182(a)(6)(C)(i) for Fraud and Misrepresentation.  In another refusal letter dated May 16, 2016, the consular officer cited section 221(g) of the Immigration and Nationality Act.

On November 15, 2016, USCIS reaffirmed its prior approval of Ms. Kaur's Petition for Alien Relative on behalf of Mr. Singh.  On November 21, 2016, the NVC informed Plaintiffs that it had completed processing the petition and would forward the file to the New Delhi Embassy with Mr. Singh in the F-1 preference category.  To date, Mr. Singh's visa application has not been granted and Plaintiffs allege that "Defendants are still not willing" to classify Mr. Singh as unmarried.

### III. Subject Matter Jurisdiction

Plaintiffs contend that this Court has subject matter jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedures Act, 5 U.S.C. §§ 551 *et. seq.*, and the statute providing for district court jurisdiction over actions arising under federal law, 28 U.S.C. § 1331.

Defendants, on the other hand, invoke the "doctrine of consular nonreviewability" and contend that this Court does not have the authority to review the U.S. Embassy's decision to deny Mr. Singh's visa application.

Under the doctrine of consular nonreviewability, a consular officer's decision to deny a visa application is generally immune from judicial review. *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009). Whether it is best understood as a partial withdrawal of federal question jurisdiction or simply a decision to abstain from certain cases due to separation of powers concerns, *see id.*, the doctrine of consular nonreviewability "reflects the plenary power of Congress to prescribe the terms and conditions upon which [non-U.S. citizens] may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention." *Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014) (quoting *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978)) (internal quotations omitted). Thus, courts throughout the Second Circuit have consistently refused to review a consular officer's decision to suspend or deny immigration visas. *See, e.g.*, *Lleshi v. Kerry*, 127 F. Supp. 3d 196, 201 (S.D.N.Y. 2015) (collecting cases). This is true "even if that decision's foundation was erroneous, arbitrary, or contrary to agency regulations." *Id.* at 200 (quoting *Ngassam v. Chertoff*, 590 F. Supp. 2d 461, 467 (S.D.N.Y. 2008)).

Although the doctrine of consular nonreviewability is broad in scope, courts have recognized one limited exception: where a U.S. citizen claims that his or her constitutional rights have been violated, federal courts maintain the authority to review such a claim even if it arises from a consular officer's decision regarding a particular immigrant visa. *Lleshi*, 127 F. Supp. 3d at 200. Even where this strictly limited exception applies, however, the Government need only provide a "facially legitimate and bona fide reason" for its decision. *Am. Acad. of Religion*, 573 F.3d at 125 (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972). If the Government has

provided such a reason, "the courts will neither look behind the exercise of that discretion, nor test it by balancing its justification against the constitutional interests of those who seek review." *Lleshi*, 127 F. Supp. 3d at 200 (quoting *Mandel*, 408 U.S. at 770) (internal quotations and alterations omitted).

This case presents a straightforward application of the consular nonreviewability doctrine. Mr. Singh's visa application has been denied by the New Delhi Embassy and Plaintiffs are essentially asking this Court to look behind and reverse that decision. Although Plaintiffs invoke the Constitution in their complaint by citing the Due Process Clause, they do so only in conclusory fashion and fail to allege a plausible constitutional claim. *Lleshi*, 127 F. Supp. 3d at 201 (noting that "visas do not constitute a life, liberty, or property interest sufficient to invoke the protections of due process").[2] Further, even if the limited constitutional question exception did apply in this case, the record clearly establishes that the Government provided a "facially legitimate and bona fide reason" for its decision. Plaintiffs' reference to the Mandamus Act, the Administrative Procedures Act, and federal question jurisdiction is unavailing. *Khanom*, 37 F. Supp. 3d at 574-78. Although Plaintiffs assert that the doctrine of consular nonreviewability "does not apply to consular actions relating to [USCIS] approved petitions" and "[t]he [c]ourts have jurisdiction where the consular officer made a procedural error," ECF No. 14, at 4-5, they cite no authority for those propositions and the Court finds them unpersuasive.

In sum, Plaintiffs seek "the very sort of 'look behind' review that the consular nonreviewability doctrine is meant to preclude." *Lleshi*, 127 F. Supp. 3d at 201 (citing *Mandel*, 408 U.S. at 770). Because the Court lacks subject matter jurisdiction and cannot grant Plaintiffs the relief they request, Defendants' motion to dismiss must be granted.

---

[2] Mr. Singh's constitutional claim fails for the additional reason that he is not a U.S. citizen. *Id.*

**CONCLUSION**

For the reasons stated above, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, Defendants' motion to dismiss (ECF No. 6) is GRANTED. Plaintiffs' complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close this case.

    IT IS SO ORDERED.

Dated: February 6, 2017
       Rochester, New York

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court